NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN LEE, | : | **Hon. William J. Martini** |
|  | : |  |
| Petitioner, | : | Civil No. 07-5009 (WJM) |
|  | : |  |
| v. | : |  |
|  | : |  |
| KAREN BALICKI, et al., | : | **O P I N I O N** |
|  | : |  |
| Respondents. | : |  |

**APPEARANCES**:

> KEVIN LEE, #456300C
> South Woods State Prison
> 215 Burlington Road South
> Bridgeton, New Jersey  08302
> Petitioner Pro Se

> SUSAN B. GYSS, Assistant Prosecutor
> EDWARD J. DE FAZIO, HUDSON COUNTY PROSECUTOR
> 595 Newark Avenue
> Jersey City, New Jersey 07306
> Attorneys for Respondents

**MARTINI**, District Judge

Kevin Lee filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction in the Superior Court of New Jersey, Hudson County, entered May 6, 2003, based on a plea of guilty to first degree aggravated manslaughter in violation of N.J. STAT. ANN. § 2C:11-4.  Respondents filed an Answer and a copy of the state court record.  Although given time to do so, Petitioner did not file a Reply.  For the reasons expressed below, this Court will dismiss the Petition with prejudice and decline to issue a certificate of appealability.

## I. BACKGROUND

On September 22, 1999, a Hudson County grand jury indicted Petitioner for the first degree murder of Elaine Carrillo, contrary to N.J. STAT. ANN. § 2C:11-3a(1) or (2), unlawful possession of a knife, and possession of a weapon for an unlawful purpose.  On April 10, 2002, Petitioner pleaded guilty pursuant to a negotiated plea agreement to first degree aggravated manslaughter in violation of N.J. STAT. ANN. § 2C:11-4.  In exchange for Petitioner's guilty plea, the State downgraded first degree murder to first degree manslaughter; dismissed the weapons charges; and agreed to request not more than a 19-year sentence, with an 85% period of parole ineligibility pursuant to the No Early Release Act (even though first degree manslaughter was punishable by up to 30 years).[1]  At sentencing, counsel for Petitioner argued for a 10-year sentence, the minimum available on first degree manslaughter (and the maximum for second degree manslaughter).  The Law Division imposed a 14-year term, with an 85% period of parole ineligibility pursuant to the No Early Release Act, see N.J. STAT. ANN. § 2C:43-7.2.

Petitioner appealed the sentence only, and on January 30, 2004, the Appellate Division of the Superior Court of New Jersey affirmed the sentence.  See State v. Lee, Docket No. A-6810-02T4 order (N.J. Super., App., Div. Jan. 30, 2004).  On April 26, 2004, the New Jersey Supreme Court denied certification.  See State v. Lee, 180 N.J. 150 (2004) (table).

On July 26, 2004, Petitioner filed a pro se petition for post-conviction relief in the Law Division challenging the 14-year sentence.  In a brief filed by counsel, Petitioner argued that (1)

---

[1] First degree manslaughter, the crime to which Petitioner entered a guilty plea, was punishable by a term of 10 to 30 years.  See N.J. STAT. ANN. § 2C:11-4(c).  First degree murder, the crime for which Petitioner was indicted, was punishable by a term of 30 years to life imprisonment, with a mandatory 30-year period of parole ineligibility.  See N.J. STAT. ANN. § 2C:11-3(b)(1).  Second degree manslaughter is punishable by a term of five to ten years.  See N.J. STAT. ANN. §§ 2C:11-4(c); 2C:43-6(a)(2).

the sentence was illegal for three reasons, i.e., the judge counted an element of the crime as an aggravating factor, the judge did not sua sponte reduce the crime to second degree manslaughter, pursuant to N.J. STAT. ANN. § 2C:11-4(b)(2), and the judge improperly considered the fact that Petitioner met the victim in an internet chat room as an aggravating factor; and (2) trial and appellate counsel were constitutionally ineffective in failing to raise these issues before the sentencing court and on direct appeal of the sentence.  By order filed March 17, 2005, the Law Division denied Petitioner's post-conviction relief challenge without conducting an evidentiary hearing.  See State v. Lee, Indictment No. 99-09-1518, PCR No. 33-04 order (N.J. Super., Law Div., Mar. 17, 2005).

Petitioner appealed, arguing that (1) trial and appellate counsel were constitutionally ineffective in failing to seek a lower sentence based on N.J. STAT. ANN. § 2C:44-1f(2) and the sentencing court's improper consideration of an aggravating factor; and (2) the petition for post-conviction relief is not procedurally barred.  In an opinion filed July 10, 2007, the Appellate Division affirmed the order denying post-conviction relief.  See State v. Lee, Docket No. A-4357-04T4 slip op. (N.J. Super., App. Div., July 10, 2007).  On September 26, 2007, the New Jersey Supreme Court denied certification.  See State v. Lee, 192 N.J. 482 (2007) (table).

Petitioner executed the Petition which is now before this Court on October 11, 2007.  The Clerk received it on October 15, 2007.  This Court gave Petitioner an opportunity, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to withdraw the Petition and file one all-inclusive Petition, which he declined.

The Petition raises four grounds, each of which asserts counsel's failure to a raise a particular argument to provide additional support to the argument made by counsel that the trial court should impose only a 10-year sentence:

Ground One:   INEFFECTIVE ASSISTANCE OF COUNSEL.

Supporting FACTS: COUNSEL FAILED TO ARGUE THAT THE EVIDENCE OF STRONG PROVOCATION AND THE APPLIED MITIGATING FACTOR OF STRONG PROVOCATION REDUCE AGG. MANSLAUGHTER TO A LOWER DEGREE.  AGG. MAN OR RECKLESS MAN DO NOT APPLY WITHIN THE PRESENCE OF STRONG PROVOCATION, THE TWO ARE MUTUALLY EXCLUSIVE.

Ground Two:   INEFFECTIVE ASSISTANCE OF COUNSEL.

Supporting FACTS:   COUNSEL FAILED TO ARGUE THAT THE DOUBLE COUNTING OF AGG FACTORS 1 & 2 IN HOMICIDE CASES ARE ALREADY FACTORED INTO THE NATURE OF THE CRIME.  THEREFORE DOUBLE COUNTING IS NOT ALLOWED.

Ground Three:   INEFFECTIVE ASSISTANCE OF COUNSEL.

Supporting FACTS:   COUNSEL FAILED TO ARGUE THAT A DEFENDANTS ALLOCUTION DURING PLEA AND SENTENCING DID NOT CONSTITUTE A CONVICTION FOR AGG. MANSLAUGHTER.  INSTEAD THE ALLOCUTION AND FACTS SUPPORTED PASSION PROVOCATION MANSLAUGHTER OR SELF-DEFENSE.

Ground Four:   INEFFECTIVE ASSISTANCE OF COUNSEL.

Supporting FACTS:   COUNSEL FAILED TO ARGUE THAT THE DEFENDANT'S CONDUCT AFTER THE COMMISSION OF THE CRIME CANNOT BE USED TO CONVICT DEFENDANT OF SAID CRIME.  THE COURT AGREED THE DEFENDANT WAS CORRECT IN STATING THIS FACT YET STILL APPLIED FACTOR TO SENTENCING.

(Pet. ¶ 12.A. to 12.D.)

4

On April 18, 2008, Respondents filed an Answer and a copy of the state court record, arguing that Petitioner's claims are unexhausted and that the Petition should be denied on the merits.[2]  Although given an opportunity to do so, Petitioner did not file a reply to the Answer.

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

The AEDPA limits a federal court's authority to grant habeas relief when a state court has adjudicated petitioner's federal claim on the merits.  See 28 U.S.C. § 2254(d).  Where a federal

---

[2] This Court finds that Petitioner exhausted his four ineffective assistance of counsel claims by presenting them to the New Jersey courts in his petition for post-conviction relief. Alternatively, to the extent that the claims are unexhausted, this Court will deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2).  See Taylor v. Horn, 504 F. 3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of Taylor's claims on the merits, we need not address exhaustion"); Bronshtein v. Horn, 404 F. 3d 700, 728 (3d Cir. 2005) ("We would permit Bronshtein to attempt on remand to establish a reason to excuse his procedural default, but we find it unnecessary to do so because it is apparent that the claims in question lack merit.  Under 28 U.S.C. § 2254(b)(2), we may reject claims on the merits even though they were not properly exhausted, and we take that approach here").

claim was "adjudicated on the merits" in state court proceedings, the writ must be denied unless adjudication of the claim either involved an unreasonable application of clearly established federal law, or was based on unreasonable determination of the facts in light of the evidence before the state court.  See 28 U.S.C. § 2254(d).  Specifically, § 2254(d) provides:

> (d) An application for a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground."  Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (citations and internal quotation marks omitted), reversed on other grounds sub nom. Rompilla v. Beard, 545 U.S. 374 (2005); see also Rolan v. Vaughn, 445 F. 3d 671, 678 (3d Cir. 2006) ("Here, because the PCRA appellate court found that Vargas was not willing to testify at the guilt phase of Rolan's trial, its decision to deny habeas relief on that basis constituted an adjudication on the merits").  A state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever.[3]  See Rompilla, 355 F.3d at 247.

---

[3] On the other hand, "[i]f the petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply, and federal courts undertake a de novo

(continued...)

As the New Jersey courts adjudicated petitioner's four ineffective assistance of counsel claims on the merits, this Court may not grant relief to petitioner unless the adjudication of a federal claim by the New Jersey courts involved an unreasonable application of clearly established Supreme Court law, see 28 U.S.C. § 2254(d)(1), or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding and petitioner is in custody in violation of the Constitution or laws or treaties of the United States, see 28 U.S.C. § 2254(a), (d)(2).

This Court must begin the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court, as of the time of the state court decision. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412; see also Carey v. Musladin, 127 S. Ct. 649, 653 (2006) ("federal habeas relief may be granted here if the California Court of Appeal's decision was contrary to or involved an unreasonable application of this Court's applicable holdings"). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme]

---

[3](...continued)
review of the claim." Rolan, 445 F. 3d at 678.

Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. For example, in Carey v. Musladin, the court reversed the granting of a writ, holding that where "[n]o holding of this Court required the California Court of Appeal to apply the test of Williams and Flynn to the spectators' conduct . . . , the state court's decision was not contrary to or an unreasonable application of clearly established federal law." Carey, 127 S. Ct. at 654.[4] In addition, whether a state court's application of federal law is "unreasonable" must be judged objectively, as an application of Supreme Court precedent may be incorrect, but still not unreasonably so.[5] Id. at 409-10; see also Thomas v. Varner, 428 F. 3d 491, 497 (3d Cir. 2005). To summarize, "[t]he federal *habeas* court should not grant the petition unless the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Outten v. Kearney, 464 F. 3d 401, 414 (3d Cir. 2006) (citation and internal quotation marks omitted).

---

[4] See also Wright v. Van Patten, 128 S. Ct. 743, 747 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law") (citation and internal quotation marks omitted).

[5] "[D]ecisions of federal courts below the level of the United States Supreme Court may be helpful to [a court] in ascertaining the reasonableness of state courts' application of clearly established United States Supreme Court precedent, as well as helpful amplifications of that precedent." Marshall v. Hendricks, 307 F.3d 36, 71 n.24 (3d Cir. 2002) (citations and internal quotation marks omitted).

## III.  DISCUSSION

A.  Ineffective Assistance of Counsel in Context of Guilty Plea

Petitioner raises four ineffective assistance of counsel claims, each based on counsel's failure to raise a particular argument to support counsel's argument that the sentence should be ten years, rather than the agreed-upon 19-year maximum term.  He asserts that trial counsel's arguments for a lower sentence were deficient because counsel failed to include the following sentence-lowering arguments:   (1) pursuant to N.J. STAT. ANN. § 2C:44-1f(2), the judge should have downgraded the crime to second degree manslaughter, punishable by five to 10 years; (2) the judge could not consider elements of the offense as aggravating factors for sentencing purposes; (3) Petitioner's plea colloquy showed that he committed second or third degree manslaughter, not first degree; and (4) the judge could not use Petitioner's post-crime conduct as an aggravating factor for purposes of sentencing.

The fatal flaw in Petitioner's contentions, however, is that Petitioner does not even allege prejudice, as he does not indicate that, had counsel raised these four arguments, Petitioner would not have entered a guilty plea to first degree manslaughter, but would have insisted on going to trial.[6]  Since the 14-year sentence Petitioner received is less than the 19-year sentence Petitioner agreed to in the plea agreement, Petitioner's challenge to the 14-year sentence is necessarily a challenge to the plea.  In Tollett v. Henderson, 311 U.S. 258, 268 (1973), the Court held that a defendant who pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the [appropriate] standards."  In Hill v. Lockhart, 474 U.S. 52, 60 (1985), the Court

---

[6] Nor does Petitioner demonstrate that, had counsel raised these arguments, the trial judge would have sentenced him to less than 14 years.

9

held that, where a § 2254 petitioner entered a guilty plea with the advice of counsel, there is no prejudice under Strickland v. Washington, 466 U.S. 668 (1984), unless the petitioner asserts that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Because Petitioner does not assert that, but for counsel's deficient performance at sentencing, he would not have pleaded guilty and would have insisted on going to trial, the New Jersey courts' adjudication of Petitioner's ineffective assistance of counsel claims was not an unreasonable application of Hill, Strickland and Tollett.

As background, this Court will review relevant Supreme Court case law antecedent to the prejudice holding of Hill. In 1970, the Court held in Brady v. United States, 397 U.S. 742 (1970), that a plea of guilty, which Brady would not have agreed to except for his desire to avoid a potential death sentence and to limit the maximum penalty to life imprisonment, was not thereby compelled within the meaning of the Fifth Amendment.

That same year, the Supreme Court decided McMann v. Richardson, 397 U.S. 759, 770 (1970), and North Carolina v. Alford, 400 U.S. 25, 31 (1970). In McMann, the Court held that "a defendant's plea of guilty based on reasonably competent advice is an intelligent plea not open to attack." The Court explained its reasoning:

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt . . . ? Questions like these cannot be answered with certitude; yet a

> decision to plead guilty must necessarily rest upon counsel's
> answers, uncertain as they may be.  Waiving trial entails the
> inherent risk that the good-faith evaluations of a reasonably
> competent attorney will turn out to be mistaken either as to the
> facts or as to what a court's judgment might be on given facts.

McMann, 397 U.S. at 769-770.

North Carolina v. Alford, 400 U.S. 25, 31 (1970), was a § 2254 case.  Alford, who was

indicted in North Carolina for first degree murder, punishable by death, pleaded guilty to second-

degree murder on the advice of counsel.  During the plea colloquy, Alford stated that he had not

committed the murder but he was pleading guilty to avoid a possible death sentence and to limit

the penalty to the 30-year maximum provided for second degree murder.  Id. at p. 31.  The

Supreme Court held that the state court did not commit constitutional error in accepting Alford's

guilty plea.  Id. at pp. 37-39.  The Court reasoned:

> Here the State had a strong case of first-degree murder against
> Alford.  Whether he realized or disbelieved his guilt, he insisted on
> his plea because in his view he had absolutely nothing to gain by a
> trial and much to gain by pleading.  Because of the overwhelming
> evidence against him, a trial was precisely what neither Alford nor
> his attorney desired.  Confronted with the choice between a trial for
> first-degree murder, on the one hand, and a plea of guilty to
> second-degree murder, on the other, Alford quite reasonably chose
> the latter and thereby limited the maximum penalty to a 30-year
> term.  When his plea is viewed in light of the evidence against him,
> which substantially negated his claim of innocence and which
> further provided a means by which the judge could test whether the
> plea was being intelligently entered . . . , its validity cannot be
> seriously questioned.  In view of the strong factual basis for the
> plea demonstrated by the State and Alford's clearly expressed
> desire to enter it despite his professed belief in his innocence, we
> hold that the trial judge did not commit constitutional error in
> accepting it . . . .  Alford now argues in effect that the State should
> not have allowed him this choice but should have insisted on
> proving him guilty of murder in the first degree.  The States in their
> wisdom may take this course by statute or otherwise and may
> prohibit the practice of accepting pleas to lesser included offenses

11

> under any circumstances.  But this is not the mandate of the
> Fourteenth Amendment and the Bill of Rights.

Alford, 400 U.S. at 37-39 (citations and footnotes omitted).

Three years later, in Tollett v. Henderson, 411 U.S. 258, 267 (1973), the Supreme Court

held that "[a] guilty plea, voluntarily and intelligently entered, may not be vacated because the

defendant was not advised of every conceivable constitutional plea in abatement he might have to

the charge, no matter how peripheral such a plea might be to the normal focus of counsel's

inquiry . . . .   A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the

convincing nature of the evidence against the accused are considerations that might well suggest

the advisability of a guilty plea without elaborate consideration of whether pleas in abatement . . .

might be factually supported."  Id. at 268.  Thus, the Tollett Court ruled that a defendant who

pleads guilty upon the advice of counsel "may only attack the voluntary and intelligent character

of the guilty plea by showing that the advice he received from counsel was not within the

standards set forth in McMann."  Id.

In 1984, the Supreme Court adopted a two-part test for evaluating claims of ineffective

assistance of counsel.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, the

defendant must "show that counsel's representation fell below an objective standard of

reasonableness."  Id. at 687-88.  To meet this prong, a "convicted defendant making a claim of

ineffective assistance must identify the acts or omissions of counsel that are alleged not to have

been the result of reasonable professional judgment."  Id. at 690.  The court must then determine

whether, in light of all the circumstances at the time, the identified errors were so serious that

they were outside the wide range of professionally competent assistance.  Id.  Second, the

petitioner must show prejudice, i.e., there is a "reasonable probability that but for counsel's

12

unprofessional errors, the result of the proceeding would have been different." Id. at 694.  As the
Strickland Court explained, "[a]ttorney errors come in an infinite variety and are as likely to be
utterly harmless in a particular case as they are to be prejudicial."  Id. at 693.  The Supreme Court
further instructed that a district court need not address both components of an ineffective
assistance claim "if the defendant makes an insufficient showing on one."  Strickland, 466 U.S.
at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient
prejudice, which we expect will often be so, that course should be followed."  Id.

In 1985, the Supreme Court decided Hill v. Lockhart, 474 U.S. 52 (1985), a § 2254 case
in which Hill, who pleaded guilty in state court to first degree murder and theft, sought federal
habeas relief on the ground that his attorney was constitutionally ineffective in failing to advise
him that, as a second offender, he was required to serve one-half (rather than one-third) of his
sentence before becoming eligible for parole.  Under Arkansas law, the murder charge to which
Hill pleaded guilty carried a potential sentence of 5 to 50 years, or life in prison.  Counsel
negotiated a plea agreement whereby the State agreed to recommend an aggregate 35-year
sentence.  The trial judge sentenced Hill to the recommended 35-year term, and mistakenly told
Hill that he would have to serve at least one-third of the 35-year term before becoming eligible
for parole.

Hill filed a § 2254 petition alleging that his counsel was constitutionally ineffective in
incorrectly advising him that he would become eligible for parole after serving one-third of his
sentence, when in reality, Hill was required to serve one-half of his sentence before becoming
eligible for parole.  Hill asked the district court to reduce his sentence to a term of years that
would result in his becoming eligible for parole in conformance with his expectation at

sentencing.  The district court denied the § 2254 petition and the Court of Appeals affirmed.

Finding that the two-part Strickland test applies to ineffective assistance claims arising out of the

plea process, the Supreme Court affirmed the order denying § 2254 relief

> because Petitioner's allegations are insufficient to satisfy the
> Strickland v. Washington requirement of "prejudice."  Petitioner
> did not allege in his habeas petition that, had counsel correctly
> informed him about his parole eligibility date, he would have
> pleaded not guilty and insisted on going to trial.  He alleged no
> special circumstances that might support the conclusion that he
> placed particular emphasis on his parole eligibility in deciding
> whether or not to plead guilty.  Indeed, petitioner's mistaken belief
> that he would become eligible for parole after serving one-third of
> his sentence would seem to have affected not only his calculation
> of the time he likely would serve if sentenced pursuant to the
> proposed plea agreement, but also his calculation of the time he
> likely would serve if he went to trial and were convicted.
>
> Because petitioner in this case failed to allege the kind of
> "prejudice" necessary to satisfy the second half of the Strickland v.
> Washington test, the District Court did not err . . . .

Hill, 474 U.S. at 60.

In the case before this Court, Petitioner presented his ineffective assistance of counsel

claims in his petition for post-conviction relief.  The Appellate Division rejected them as follows:

> We affirm substantially for the reasons stated by Judge Francis B.
> Schultz on the record . . . .  Nevertheless, we add the following
> comment.  The negotiated plea agreement provided for a maximum
> sentence of nineteen years.  Defendant was sentenced to a term of
> fourteen years - five years less than the negotiated agreement.
> This, along with the transcript of the sentencing, indicates to us
> that defendant was vigorously represented by trial counsel during
> the sentencing proceedings.

State v. Lee,  Docket No. A-4357-04T4 slip op., p. 4 (N.J. Super., App. Div., July 10, 2007).

Moreover, the sentencing transcript shows that defense counsel argued that the trial court

should impose a 10-year term of imprisonment, the lowest sentence available for first degree

14

manslaughter.  State v. Lee, Ind. No. 99-09-1518 transcript, p. 5, lines 15-17 (N.J. Super., Law Div., May 2, 2003).

Petitioner argues that counsel was constitutionally ineffective in failing to raise four specific arguments in support of the request for a 10-year sentence.  But even with counsel's alleged deficient performance at sentencing, Petitioner received what he bargained for in the plea agreement - a sentence less than the agreed-upon 19-year maximum.  Because Petitioner does not assert that he would have insisted on going to trial but for counsel's allegedly deficient performance, he has failed to establish prejudice under Hill, and the New Jersey court's rejection of Petitioner's ineffective assistance of counsel claims was not contrary to, or an unreasonable application of Strickland and Hill.[7]

---

[7] Compare United States v. Peppers, 273 Fed. Appx. 155, 159 (3d Cir. 2008) (counsel was not constitutionally ineffective in plea process where Peppers failed to assert prejudice and "has made no contention that he would not have entered his plea and would have insisted on going to trial if his counsel had advised him that the ACCA arguably may not have applied"); Powell v. Meyers, 214 Fed. Appx. 197, 200 (3d Cir. 2007) (§ 2254 petitioner's claim that plea counsel was constitutionally ineffective in failing to advise him that his back-time sentence could not be served concurrently with his instant sentence fails to establish prejudice where petitioner does not assert that he would have insisted on going to trial had he known that it was legally impossible for his back-time sentence to be served concurrently); United States v. Kauffman, 109 F. 3d 186, 191 (3d Cir. 1997) (defendant alleging ineffective assistance in guilty plea context needs to present evidence "sufficient to undermine our confidence that [the attorney] would have advised his client to plead guilty rather than proceed to trial and that [the defendant] would have accepted that advice") with Jamison v. Klem, ___ F. 3d ___ 2008 WL 4405147 (3d Cir. Sept. 30, 2008) (state court decision rejecting Jamison's challenge to validity of his guilty plea based on counsel's failure to advise him that his guilty plea subjected him to a five-year mandatory minimum sentence was an unreasonable application of Boykin v. Alabama, 395 U.S. 238 (1969), which requires that an accused be aware of the direct consequences of a guilty plea, where Jamison testified that he would not have entered a guilty plea if he had known that he would have to serve at least five years in prison).

B.  Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and denies a certificate of appealability.

s/William J. Martini

_____

**WILLIAM J. MARTINI, U.S.D.J.**

Dated: October 23, 2008